## WARD v. NUTT.

### Opinion delivered October 25, 1915.

1. BILLS AND NOTES—EXTENSION OF TIME OF PAYMENT—RELEASE OF SURETY.—N. executed a note as surety, when the note was past due, the maker paid the interest, the holder agreeing to extend the time of payment. *Held*, this did not operate to discharge the maker's surety.

2. BILLS AND NOTES—DISCHARGE OF SURETY—EXTENSION OF TIME OF PAYMENT.—Where a note contained an express stipulation that the parties consented that the time of payment might be extended without notice, an extension made after the note became due, will not discharge the maker's surety on the note.

Appeal from Lonoke Circuit Court; *Eugene Lankford*, Judge; judgment modified.

*W. C. Rodgers*, for appellant.

The interest was not paid until *after* it was due, and there was a written consent in the note that the time of payment may be extended without notice. 54 Ark. 97-100; 34 Ark. 44. The judgment should be reversed.

No brief for appellee.

McCulloch, C. J. This is an action instituted before a justice of the peace by appellant to recover the amount of two promissory notes executed by S. L. Nutt,

the appellee, and other joint makers. Appellee Nutt appealed to the circuit court and a trial in that court resulted in his favor.

On the face of the notes appellee appears to be a joint maker, but the undisputed proof establishes the fact that he was merely a surety. One of the notes is for the sum of $200, bearing date April 2, 1914, and due and payable seven months after date with interest from date until paid. The other note is for $142.80, with a credit of $17.50, and is dated June 3, 1914, and due and payable six months after date, with interest from date until paid. The last mentioned note also contains the following stipulation: "The makers, sureties, endorsers and guarantors of this note severally waive presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit against any party thereto, *and consent that the time of payment may be extended without notice thereof.*"

The only defense interposed is that appellant entered into an agreement with one Kennedy, who was also one of the makers of the notes, for an extension of the time of payment. The testimony of Kennedy, which the verdict shows that the jury accredited, is that a few days before the last note became due he paid the interest on each of the notes to appellant and that the latter agreed to extend the time for payment on each of the notes for twelve months. It will be seen from the above recital of facts that the last note became due and payable on December 3, 1914, and the first note on November 2, so it is evident that at the time Kennedy says that he paid the interest, and that the alleged extension of time was agreed to by appellant, the first note was nearly a month past due.

The law on the subject, as laid down by this court, is as follows: "An agreement upon a valid consideration by a creditor without the consent of the surety, not to sue the principal debtor for a stated time, discharges the surety. Such an agreement ties up the hands of the creditor, because, if he breaks it, he may be sued for damages. * * * But the payment of part of a debt by the principal,

at the time or after it becomes due, is not a sufficient consideration to support an agreement for forbearance; and an agreement for forbearance founded upon such consideration, even though carried out by the creditor, will not discharge the surety. In such cases, no benefit is received by the creditor but what he was entitled to under the original contract, and the debtor has parted with nothing but what he was already bound to pay." *Thompson* v. *Robinson,* 34 Ark. 44.

In *Vestal* v. *Knight,* 54 Ark. 97, it was held that payment of interest on a note in advance is sufficient consideration to support a contract for the extension of the time of payment, and that an agreement of the creditor with the principal for an extension of time based upon such consideration discharges the surety.

The interest on the first note was past due when it was paid, as claimed by Kennedy. Therefore, according to the well-settled principles already announced, there was no consideration for an extension of the time of payment of that note. The other note contained an express stipulation to the effect that the parties "consent that the time of payment may be extended without notice thereof." That stipulation is not susceptible to any other interpretation than that all of the parties to the note consented to any agreement of extension which might thereafter be made. It means that, if it means anything at all, and since appellee expressly consented in advance to an extension of time, his rights are not affected by the alleged agreement of appellant to extend the time.

The verdict was therefore erroneous, according to the testimony adduced by appellee. According to the undisputed testimony in the case, there being no other defense offered except that referred to above, appellant is entitled to a judgment for the amount of each of the notes (less the credit of $17.50 indorsed on the second note) with interest from maturity. Appellant denied that the interest was paid at all, but the verdict of the jury settles that issue against him.

The judgment in appellee's favor will therefore be set aside and judgment will be entered here in favor of appellant for the amounts due on the notes as above indicated. It is so ordered.