DIXON-ROGERS TRADING COMPANY *v.* O. O. SCROGGINS & COMPANY.

Opinion delivered October 21, 1918.

APPEAL AND ERROR—COURT'S FINDING—CONCLUSIVENESS.—Where an agreement was made for the sale of certain cotton, which was subsequently burned in the seller's warehouse, and the evidence would justify a finding that the sale was not to be complete until the cotton was delivered to the railroad and bill of lading issued, a general finding of the court, sitting as a jury, in favor of the buyer will be sustained.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

### STATEMENT OF FACTS.

The Dixon-Rogers Trading Company sued O. O. Scroggins & Company to recover $2,158.35 alleged to be due it for the price of thirty bales of cotton. The Dixon-Rogers Trading Company is a corporation engaged in the general mercantile business at Mansfield, Arkansas, and a part of the business of the corporation was buying and selling cotton. O. O. Scroggins & Company is a corporation doing business at Little Rock, Arkansas, as cotton buyers. On the 28th day of September, 1916, C. H. Dixon, as a representative of the Dixon-Rogers Trading Company, called up Mr. Moss, who was the agent of O. O. Scroggins & Company, at Booneville, Arkansas, and sold him sixty bales of cotton.

According to the testimony of Dixon, Moss called him over the telephone and asked him how many bales of cotton he had, and he replied sixty bales. Moss then offered him 14¾ cts. per pound for the cotton, and Dixon accepted his offer. The sixty bales referred to were all that the plaintiff had in its warehouse at the time. Dixon directed the plaintiff's bookkeeper to make out an invoice and bill of lading for the cotton that night. Sometime during the afternoon the drayman came in and said that, owing to the crowded condition of the railroad platform at the depot, only thirty bales of cotton could be received there and a bill of lading issued therefor. The other thirty bales of cotton remained in the warehouse of the plaintiff, and that night were destroyed by fire.

According to the testimony of O. O. Scroggins, Moss was his agent at Booneville and purchased the cotton for the defendant. The transaction was conducted in accordance with like transactions which had heretofore governed purchases of cotton from the plaintiff, and exactly according to the rules of the Little Rock Cotton Exchange. According to this rule, in order to protect both parties, all transactions like this are completed by the delivery of the cotton itself to the railroad and the issuance of a bill of lading f. o. b. with draft attached.

It was at this point that the insurance of the purchaser became effective and not until then. The defendant had no insurance on this cotton because it had never been delivered to the railroad company in compliance with the rules governing such transactions.

The case was tried before the circuit court sitting as a jury, and a general finding in favor of the defendant was made by the court. From the judgment rendered, the plaintiff has appealed.

*J. A. Watkins,* for appellant.

1. The sale was complete and the title passed. 24 A. & E. Enc. Law (2 ed.), 1047-8. The minds of the parties had met and the sale was complete. 68 Ark. 307; 1 L. R. A. (N. S.) 476; 91 Ark. 240.

2. The contract of sale was absolute and complete and actual delivery was not necessary. 49 Ind. 588; 21 S. W. 1058; 77 N. W. 88; 66 N. E. 762. Actual delivery not essential. 66 N. E. and cases *supra.*

*Mehaffy, Reid, Donham & Mehaffy,* for appellee.

1. The sale was not complete. The cotton had not been delivered to the railroad nor bill of lading issued nor draft made for the price. 79 Ark. 353; 90 *Id.* 439; 95 S. W. 807; 9 Cyc. 582; 35 *Id.* 174-5; 124 Fed. 826; 35 Cyc. 296; 56 S. W. 316; 35 S. E. 927.

2. There was no delivery to the carrier. 106 Ark. 482; 91 *Id.* 422; 44 *Id.* 230; 83 *Id.* 426.

3. It was clearly the intention of the parties that the title only pased when the cotton was delivered f. o. b. to the carrier.

HART, J., (after stating the facts). It is the contention of counsel for the plaintiff that this case is governed by the principles of law decided in *Townes & Sturdivant* v. *Edward Holland & Co.* (Miss.), 77 So. 525. In that case the court held, that whether a sale of cotton on the seller's gin platform was with the understanding that delivery was then complete, so that the cotton was thereafter at the buyer's risk was under the evidence a question for the jury, although the seller

was to ship and draw a draft with bill of lading attached. There, as here, it was shown that it was the custom for the seller to draw a draft with the bill of lading atached for the purchase price of the cotton, and the court held that this custom did not necessarily carry with it the idea that the sale was not completed until this was done. The court said that the real question was what was the understanding of the parties to the transaction, and that, viewing the contract from the standpoint of the sellers, the court could not say as a matter of law that the sale was not complete because the cotton had not been delivered to the carrier. The facts in that case were very similar to the facts in the present case. There at the conclusion of the evidence the court at the request of the buyers gave a peremptory instruction to the jury to return a verdict in their favor. On that account the judgment was reversed because the jury might have found under the facts that the sale of the cotton was completed and that the only thing left undone was the payment of the agreed price.

In the present case the court did not direct a verdict for the defendant. On the other hand the case was tried before the court sitting as a jury, and the court made a general finding both of law and fact in favor of the defendant. It is well settled in this State that the finding of a court sitting as a jury is as binding upon appeal as the verdict of a jury. So under the principles of law above announced a finding of the court in favor of either party would not be disturbed on appeal. Under the evidence the court would have been warranted in finding that the sale was completed. On the other hand, the court was equally warranted under the evidence in finding that the sale was not completed because the cotton had not been delivered upon the railroad platform at the depot and a bill of lading with draft attached issued therefor, and this was what the court did find.

There being evidence of a substantial character to support the finding of the court, the judgment must be affirmed.