HOLMAN *v.* ARMSTRONG.

4-3103

Opinion delivered October 2, 1933.

*Beloate & Beloate,* for appellant.

*H. L. Ponder,* for appellee.

BUTLER, J. The appellee, receiver of the Planters' National Bank (Walnut Ridge), insolvent, brought suit on a note signed by Mrs. Fannie Mitchell and appellant to said bank. Appellant answered alleging that she was a surety and was not liable because (1) she signed the note without any consideration passing to her and after its execution by Mrs. Mitchell and its acceptance by the bank, and (2) that before its maturity and in her absence and without her consent time of payment thereof had been extended for a valid consideration and for a fixed period.

The case was submitted to the court, sitting as a jury, upon the pleadings and evidence introduced by the parties. The court found for the plaintiff and rendered judgment accordingly. This appeal followed.

The evidence was to the effect that before the fall of 1930 the bank had secured a judgment against Mrs. Mitchell, which it was proceeding to enforce by having garnishments issued and served on the tenants on Mrs. Mitchell's farms.

There was testimony tending to establish appellant's defense that early in October, 1930, Mrs. Mitchell applied to Judge W. H. Cunningham, the president of the bank, for additional time to pay her debt and for the garnishments to be withdrawn, thus releasing her rents; that Judge Cunningham refused this request. Afterwards, acting upon the advice of one of the board of directors, she applied to Mrs. Lane, the bank's principal stockholder, for relief, making of her the same request

as that made to Judge Cunningham and promising if this was granted that she would pay $1,000 on the judgment debt, and execute her note due one year after date for the balance. Mrs. Lane accepted this proposition and in furtherance of the agreement, on October 30th, Mrs. Mitchell paid the bank $1,000 and executed her note for $1,786, balance of debt, due a year after date. About a week after the execution and delivery of the note, Judge Cunningham informed Mrs. Mitchell that the note was not acceptable without security and suggested that she procure the signature of the appellant who is her daughter. Mrs. Mitchell gave the bank's cashier the appellant's address and the note was sent to her for her signature. The appellant signed the note in Little Rock, and nothing was paid her for this act.

On behalf of the appellee there was evidence which tended to contradict that of appellant and was to the effect that, when Mrs. Mitchell secured the promise of extension, it was with the understanding that the appellant's name was to be secured on the note; that this was desired because she was the owner of the farms, Mrs. Mitchell being the life tenant; that, with this understanding, the signature of appellant was made on the note, and that it was not to become, and did not become, valid until appellant signed the same, nor were the garnishments released until this had been done.

This evidence raised a question of fact which was resolved by the court against the appellant, which found the extension of time for payment and the withdrawal of the garnishments a sufficient consideration to bind the surety.

It is contended that the preponderance of the testimony rested with the appellant. This is a question we are not permitted to determine. *Turner* v. *Coats,* 148 Ark. 654, 227 S. W. 982. The weight of the evidence and credibility of the witnesses were for the sole determination of the court, which, as we have many times said, has all the finality as the verdict of a jury. *Dixon-Rogers Trading Co.* v. *Scroggins,* 136 Ark. 33, 206 S. W. 49; *Dyer* v. *Continental Jewelry Co.,* 178 Ark. 1199, 10

S. W. (2d) 1. It may be conceded that appellant received no direct benefit for signing the note, but this is not essential to her liability, as it is sufficient if the primary debtor received such. The extension of time for payment and the release of her rents were benefits to Mrs. Mitchell, and the court correctly held that such bound the appellant. *Kissire* v. *Plunkett-Jarrell Gro. Co.,* 103 Ark. 473, 145 S. W. 567.

On the second defense, it is sufficient to say that appellant, by a stipulation in the note sued on, expressly consented in advance that time of payment might be extended without notice to her. This was a valid stipulation and her liability is unaltered by granting the extension. *Ward* v. *Nutt,* 120 Ark. 445, 179 S. W. 667.

It may also be observed that the court found there had been, in fact, no extension in that the renewal note, by which the extension was to be effected, had never been accepted by the bank. It is undisputed that a representative of the bank procured by Mrs. Mitchell the execution of a note renewing the note sued on extending the payment one year past the due date, that this renewal note was signed before the maturity of the former obligation, and the interest accrued and that not yet earned was included in, and made up, the sum of the renewal note. A just inference may be drawn, however, from the testimony that the payee bank was not then the owner and holder of the note, but that it was held by some bank in St. Louis, that before the new arrangement could be concluded the payee bank failed, and that afterward the renewal note was returned to, and accepted by, Mrs. Mitchell. We are of the opinion that the trial court was not without some evidence of a substantial nature to support its conclusion in this regard.

On the whole case we find no error, and the judgment is therefore affirmed.