WINTON v. IRBY.

4-3722

Opinion delivered November 5, 1934.

F. G. Taylor and G. B. Oliver, for appellant.
O. T. Ward, T. A. French, Wm. F. Kirsch and Maurice Cathey, for appellee.

MEHAFFY, J. Appellant and appellee were candidates for the office of county and probate judge of Clay County in the run-off Democratic Primary held August 28, 1934. The Democratic Central Committee canvassed the votes, and certified that the appellee received 1,284 votes and the appellant 1,262.

The appellant filed a complaint in the Clay Circuit Court contesting the certification and nomination of the appellee, and alleged in substance that, according to the certificate of the central committee, the appellee had received 22 votes more than appellant. He alleged that in Oak Bluff Township, the vote, as tabulated by the central committee, gave appellant 57 votes and the appellee 349 votes. He further alleged that 200 of the votes for the appellee in said township, were cast by persons who did not have legal poll tax receipts made out in the manner and form required by law; that 25 persons voted for appellee in said township who claimed to have arrived at 21 years of age since the last assessing time, and that they did not subscribe to affidavits stating such facts to be true. He also alleged that 50 votes in said township were cast for appellee by persons who had no poll tax receipts. Substantially, the same allegations were made as to Blue Cane Township, Lidell Township, Wilson Township and Payne Township. He then alleges that he received a majority of 200 of the legal votes cast in the election for the office of county and probate judge.

There were eight paragraphs in the complaint, and paragraph No. 8 stated that the appellee was ineligible for the office of county and probate judge, that he had been convicted of embezzlement in the Federal court.

On motion of appellee, the court struck out paragraph 8. This, the appellant alleges, was error. Paragraph 8 did not state a ground for contest. A candidate contesting a primary election must show, in order to succeed, that he has received a majority of all the votes cast at such primary election. The real issue is, which candidate received a majority of the legal votes cast? If his competitor was ineligible, this would not entitle the contestant to receive the certificate of nomination,

unless the contestant received a majority of the legal votes. *Bohlinger* v. *Christian, ante* p. 839; *Swepston* v. *Barton,* 39 Ark. 549; *Collins* v. *McClendon,* 177 Ark. 44, 5 S. W. (2d) 734. The trial court therefore did not err in striking paragraph 8 from appellant's complaint.

The appellee also filed a demurrer to plaintiff's complaint alleging that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and dismissed plaintiff's complaint.

The second amendment to plaintiff's complaint, which was stricken out by the court, was simply an amendment making the complaint more specific, and plaintiff should have been permitted to file the amendment.

The appellant prosecutes this appeal to reverse the judgment of the court in striking out paragraph 8, in refusing appellant leave to amend his complaint, and in sustaining a general demurrer to the complaint. The complaint stated facts sufficient to constitute a cause of action. The real question in the case, is whether the contestant received a majority of the legal votes. If he did, he is entitled to the nomination, and, if he did not, he is not entitled to the nomination although the other votes were cast for an ineligible candidate.

The appellant alleged that he was a qualified elector, and that he and the appellee were candidates for the office of county and probate judge, and that the certificate of nomination was given to appellee, and that appellant received more legal votes than appellee. These allegations were sufficient to make a *prima facie* case.

Section 3773 of Crawford & Moses' Digest, provides: "If the complaint is sufficiently definite to make a *prima facie* case, the judge shall, unless the circuit court in which it is filed is in session or is to convene within thirty days, call a special term," etc.

This court has said: "The pleadings, in an election case, should be sufficiently specific to give reasonable information as to the grounds of contest. The statute provides that the contest shall be begun in a certain number of days, and this court has held that, after the time for filing a contest has expired, the contestant cannot so

amend his complaint or petition as to set forth any new cause of action. He can, however, even after the time has expired, amend his complaint by making it more definite and certain as to any charge in his original complaint, and, if a motion to make more specific is filed, it would be his duty to make the amendment." *Robinson v. Knowlton,* 183 Ark. 1127, 40 S. W. (2d) 450.

It is also said in the Robinson case: "Since such contest is generally held not to be a civil action subject to the rules of pleading in actions at law, but to be a special statutory proceeding, varying in its nature as well as in the sufficiency of the pleadings, according to the statutes of the different States, the same strict technical accuracy in pleading is not usually required as in civil action *inter partes." LaFargue* v. *Waggoner, ante p.* 757.

The court therefore erred in sustaining the demurrer, and erred in refusing to permit appellant to amend his complaint, but did not err in striking out paragraph 8 of plaintiff's complaint.

Appellee prosecutes a cross-appeal and urges that the court erred in finding that B. B. Spence made the supporting affidavit. B. B. Spence testified that he lived in Piggott, Arkansas, and that he signed the affidavit in Mr. Winton's office. He was asked: "Did you swear to it," and he answered, "Yes, sir." When asked: "Before whom?" he answered: "Mr. Ray Winton." He also testified that he never made any formal oath, but explained this by stating that he did not hold up his hand. He met the notary public on the street and told him that he had signed the affidavit.

When Spence was recalled, he was questioned at length, and said he did not remember very distinctly about what happened. The certificate of the notary public showed that Spence had signed and sworn to the affidavit. The court thereupon held that the evidence showed that Spence had made the affidavit.

The weight of the evidence and the credibility of the witnesses were for the sole determination of the trial court, and we have many times held that in cases in the circuit court the finding of fact by a trial court

is as binding here as the verdict of a jury. *Holman* v. *Armstrong,* 187 Ark. 958, 63 S. W. (2d) 339.

We recently said: "When a case is submitted to the trial judge, his finding of fact is as conclusive as the finding of a jury." *Bridges* v. *Shapleigh Hdw. Co.,* 186 Ark. 993, 57 S. W. (2d) 405. *American Ins. Co.* v. *Brown,* 184 Ark. 978, 44 S. W. (2d) 346.

The judgment on cross-appeal must be affirmed, and the judgment on appeal reversed and remanded with directions to overrule the demurrer, permit plaintiff to file his amendment, and for further proceedings according to law and not inconsistent with this opinion.

It is so ordered.