TOMPKINS v. CROSS.

4-4662

Opinion delivered May 24, 1937.

76

R. P. Hamby and McRae & Tompkins, for appellants.
W. F. Denman and Bush & Bush, for appellees.

GRIFFIN SMITH, C. J. The appellants, Charles H. Tompkins, R. P. Hamby, and Dan Pittman, were candidates in the democratic primary election of August 11, 1936, for membership on the Nevada County Central Committee as committeemen from Missouri Township. On the ticket with appellants as candidate for a similar position, but not adverse to appellants, was S. B. Scott, there having been four positions to fill.

The names of these candidates were printed on the official ballots. Seventeen electors scratched these names and substituted A. E. Cross, W. F. Denman, Odell Garrett and C. C. Harvey.

On August 17, 1936, a petition for mandamus was filed by appellees in the circuit court, in which it was alleged that Tompkins, Hamby, Pittman and Scott were office-holders, and that § 3764 of Crawford & Moses' Digest made them ineligible to serve as committeemen.

The court found that Tompkins was a member of the State Game and Fish Commission; that Hamby was mayor of Prescott; that Pittman was a city alderman; that Scott was a colonel in the Arkansas National Guard; that C. C. Harvey, one of the plaintiffs, was a member of the County Welfare Board for Nevada county, and that Odell Garrett, also one of the plaintiffs, was a sergeant in the National Guard. The court further found that Tompkins, Hamby, Pittman, and Harvey, being office-holders, were not entitled to serve as committeemen, and declared the offices vacant as to them; that Scott and

Garrett were not ineligible, and that Cross, Denman, Garrett, and Scott were the duly elected committeemen, eligible to serve.

The findings of the court contained the following: "At the election the respondents received a majority of the votes cast for democratic central committeemen for Missouri township, and the plaintiffs received a minority of the votes cast." In appellants' brief, it is shown that they received more than 700 votes, against 17 received by appellees.

Ineligibility of appellants is not properly before this court. The prayer of plaintiffs was based upon the theory, as shown by the complaint, that they were the duly elected members of the committee; that they were "rightfully entitled to certification by the county convention as members of the committee," and that if the defendants were certified as committeemen plaintiffs would suffer "great and irreparable injury."

In *Collins* v. *McClendon*, 177 Ark. 44, 5 S. W. (2d) 734, there is this syllabus: "Where a candidate for mayor who received the largest number of votes was ineligible, being a member of the house of representatives, the election failed, and the candidate who received the second highest number of votes was not entitled to the office." The rule announced in *Swepston* v. *Barton*, 39 Ark. 549, was discussed in the opinion, and applied.

In *Bohlinger* v. *Christian*, 189 Ark. 839, 75 S. W. (2d) 230, it was held that "One who contests the election of another in a primary election must allege and prove that he is entitled to the nomination by reason of having received a majority of the votes." It was further held that ineligibility of the candidate receiving a majority of the votes did not entitle the candidate receiving the next highest number of votes to the nomination.

In *Winton* v. *Irby*, 189 Ark. 906, 75 S. W. (2d) 656, it was held that in a contest of a primary election by a defeated candidate, an allegation in the complaint that contestee was ineligible was properly stricken, "since the only issue was which candidate received a majority of the legal votes." See, also, *Nelson* v. *Gray*, 190 Ark. 179, 77 S. W. (2d) 968.

In the instant case appellees do not claim to have received a majority of the votes, their position being that, since appellants were ineligible, appellees were elected without opposition.

Under the admitted facts, and the findings of the court, appellees were not elected, and the court erred in its judgment. Since the proceedings, as instituted, were erroneous, it is not necessary to discuss other questions raised by the appeal.

Reversed and dismissed.