CLARK *v.* PORTER.

5-406                                                   268 S. W. 2d 383

Opinion delivered May 17, 1954.

[Rehearing denied June 21, 1954.]

*John C. Sheffield,* for appellant.

*James P. Baker, Jr.,* for appellee.

ED. F. McFADDIN, Justice. This is an effort by the appellant (a) to have the appellee, Porter, ousted from the Office of Mayor of West Helena, and (b) to require the other appellees (members of the Phillips County Board of Election Commissioners) to issue a Certificate of Election to the appellant. The Circuit Court sustained demurrers to the complaint, and appellant prosecutes this appeal. On the authority of *Swepston* v. *Barton,* 39 Ark. 549, and the cases following it, we affirm the judgment of the Circuit Court dismissing the appellant's complaint.

The complaint alleged: (a) that Clark, Porter and White were rival candidates for the Office of Mayor of West Helena at the General Election held on November 4, 1953; (b) that a total of 1294 votes were cast, of which Porter received 956, Clark 316, and White 22; (c) that Porter was ineligible to hold the office since he did not possess a poll tax receipt; (d) that Porter's ineligibility was advertised several days before the election, but he nevertheless received the number of votes stated; and (e) that notwithstanding Porter's ineligibility, the Election Commissioners issued a Certificate of Election to him. The prayer of the complaint was that the votes for Porter be discarded as void, and that Clark be certified as elected. The Election Commissioners and Porter filed separate demurrers to the effect that Clark's complaint did not state a cause of

action; and, as aforesaid, these demurrers were sustained.

The complaint alleged that there were a total of 1294 votes cast in the election, and that Clark received only 316 of these. Even if Porter should be ineligible, still Clark's complaint would not show him entitled to the office until he alleged that he received a majority of the legal votes cast. Therefore the complaint showed on its face that Clark did not receive a majority of the votes cast, unless every vote cast for Porter be declared an *illegal or void* vote. Our cases uniformly hold that votes cast for an ineligible candidate are not illegal or void votes. *Swepston* v. *Barton,* 39 Ark. 549, is our landmark case on the question here involved. In that case, Swepston had received a majority of the votes cast and he was commissioned. Barton instituted a contest, claiming that Swepston was ineligible to hold the office because he was a defaulter. The question presented to the Court was the legal effect of votes cast for an ineligible candidate, and Justice William W. Smith, speaking for the Court, stated the law in this language:

"But the weight of American authority is, that when a vote for an ineligible candidate is not declared void by statute, the votes he receives, if they are a majority or plurality, will be effectual to prevent the opposing candidate being chosen, and the election must be considered as having failed . . .

"The real issue in this cause was, which candidate received a majority of the legal votes cast. If Barton did not obtain such a majority, but his competitor was ineligible, it by no means follows that he, as the next in the poll, should receive the office. 'The votes are not less legal votes because given to a person in whose behalf they cannot be counted.' *Saunders* v. *Haynes,* 13 Cal. 145."

Thus in 1882, this Court definitely decided the question here at issue; and that decision was adverse to the appellant in the present case. Clark's complaint shows on its face that he did not receive a majority of the

votes cast in the election, unless all the votes for Porter be held illegal votes; and they are not illegal votes merely because they were cast for an ineligible candidate. The case of *Swepston* v. *Barton* has been followed in a number of subsequent cases. We mention a few: *Collins* v. *McClendon,* 177 Ark. 44, 5 S. W. 2d 734; *Bohlinger* v. *Christian,* 189 Ark. 839, 75 S. W. 2d 230; *Winton* v. *Irby,* 189 Ark. 906, 75 S. W. 2d 656; *Tompkins* v. *Cross,* 194 Ark. 75, 105 S. W. 2d 540; and *State* v. *Jones,* 194 Ark. 445, 108 S. W. 2d 901.

Appellant concedes the holding of *Swepston* v. *Barton, supra,* as adverse to him; but insists that Act 105 of the Arkansas Legislature of 1935 (as now found in § 19-1001 Ark. Stats.) changed the rule as announced in *Swepston* v. *Barton.* We do not agree with appellant's contention in that regard. The said Act 105 was to prevent votes for "write-in" candidates in municipal elections. The Act reads:

"In all general elections held in cities of the first class for the election of officials of said cities of the first class no ballots shall be counted for any person whose name is written in thereon, and only votes cast for the regularly nominated and/or otherwise qualified candidates and whose names are printed on the ballot as candidates in such election in cities of the first class shall by the judges and clerks be counted."

In *Davidson* v. *Rhea,* 221 Ark. 885, 256 S. W. 2d 744, we construed this Act to show that its effect was to prohibit the counting of votes for "write-in" candidates. In the case at bar, neither Clark, Porter, nor White was a "write-in" candidate, so the Act 105 of 1935 has no application; and this case is ruled by *Swepston* v. *Barton, supra,* and the cases following it.

The judgment is affirmed.