FLOYD GREEN v. LEWIS MADDOX

5-4715                                      433 S.W. 2d 144

Opinion Delivered November 4, 1968

*Shaver, Tackett & Jones* by *Nicholas H. Patton* for appellant.

*Donald Corbin* and *John B. Hainer* for appellee.

GEORGE ROSE SMITH, Justice.    This is an action brought by the appellee to collect a debt of $6,150 assertedly owed to him by the appellant.    The attorney

originally employed by the defendant Green filed a demurrer to the complaint, but when the demurrer was overruled that attorney failed to file an answer within the time allowed or to appear in court on the day the case was set for trial. Green's present counsel were engaged at the eleventh hour, but in the presentation of their client's case they were evidently and understandably handicapped by want of sufficient time to prepare for trial. The case was heard without a jury. This appeal is from a judgment for Maddox for the full amount sued for.

The indebtedness was evidenced by five uncashed checks, totaling $6,150, that were payable to Maddox and signed by Green. The single contention here is that the plaintiff failed to prove any consideration for the checks.

We cannot sustain that contention. Maddox was in a nursing home at the time of trial and, presumably for that reason, did not appear as a witness to explain the checks. However, Ben M. May had attempted to collect the instruments for Maddox and testified in his behalf. May said that he and Maddox had discussed the debt with Green on two occasions. May testified that on the first occasion Maddox said, "Now, Floyd, you're going to pay me, aren't you?" and Floyd answered, "Yes, I sure am, but right now I don't have the money. But when I sell some cattle I will."

According to May, the second encounter again involved a promise by Green that he would pay the debt. When Green was asked to sign new checks, because the statute of limitations was about to run, he equivocated by saying, "This is really my wife's money. It's in her name and her business, and I'll have to check with her."

May's testimony, corroborated by the checks, was amply sufficient to make a prima facie case. In fact, Green did not deny having signed the checks. He mere-

ly stated that he did not remember anything about them, that he had not received any money for them, and that he did not know what they were for. Thus the single issue below was that of credibility. In the circumstances the trial judge's determination has the force of a jury verdict and is conclusive here. *Hughes* v. *Harris*, 227 Ark. 407, 299 S.W. 2d 85 (1957).

Affirmed.