The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an opinion on the following:
 The sitting county judge of Jackson County has died and the ballots have already been printed listing his name and the name of three other candidates for county judge. Please provide me with your official opinion as soon as possible as to whether any votes cast for the deceased candidate will be counted for purposes of determining whether a runoff election will be required.
Our research has not yielded a constitutional or statutory provision explicitly governing this situation. A review of case law compels the conclusion, however, that if faced with this question, an Arkansas court would, in all likelihood, conclude that the votes should be counted.
The general rule is that votes cast for a deceased, disqualified, or ineligible person, although ineffective to elect such person to office, are not to be treated as void but must be counted in determining the result of the election as regards the candidates. See 133 A.L.R. 320 (1941); 29 C.J.S. Elections, 243 (1965). The Arkansas Supreme Court has adopted the general rule as applied to the situation where a disqualified person receives the highest number of votes. See, e.g., Swepston v. Barton, 39 Ark. 549
(1882); Collins v. McClendon, 177 Ark. 44, 5 S.W.2d 734 (1928); Bohlinger v. Christian, 189 Ark. 839, 75 S.W.2d 230 (1934); Clark v. Porter, 223 Ark. 682, 268 S.W.2d 383 (1954). In those cases, a majority vote received by one who was ineligible to hold office was effectual to prevent the election of the person receiving the next highest number of votes. The Court in Clark v. Porter, supra, stated: "Our cases uniformly hold that votes cast for an ineligible candidate are not illegal or void votes."223 Ark. at 684. The reasoning was set forth in the California case of Saunders v. Haynes, 13 Cal. 145 (1859), which has regularly been cited with approval by the Arkansas Supreme Court. The Court in Collins v. McClendon, supra, quoted the following from the California decision: `An election is the deliberate choice of a majority or plurality of the electoral body. This is evidenced by the votes of the electors. But if a majority of those voting, by mistake of law or fact, happen to cast their votes upon an ineligible candidate, it by no means follows that the next to him on the poll should receive the office. If this be so, a candidate might be elected who received only a small portion of the votes, and who never could have been elected at all but for this mistake. The votes are not less legal votes because given to a person in whose behalf they cannot be counted; and the person who is the next to him on the list of candidates does not receive a plurality of votes because his competitor was ineligible. The votes cast for the latter, it is true, cannot be counted for him; but that is no reason why they should, in effect, be counted for the former, who, possibly, could never have received them. It is fairer, more just, and more consistent with the theory of our institutions, to hold the votes so cast as merely ineffectual for the purpose of an election, than to give them the effect of disappointing the popular will, and electing to office a man whose pretensions the people had had designed to reject.' 177 Ark. at 46
Thus, although the votes could not be counted in the sense that they could not result in the ineligible candidate's election to office, they were included in determining which candidate received a majority vote.
It should also be noted that the court in Collins rejected the notion that the voters' knowledge of the candidate's ineligibility is material. The Court noted that it had already rejected the "English rule" which renders void those votes cast for a candidate whose disqualification is "notorious."* Collins v. McClendon,177 Ark. at 45, citing Swepston v. Barton, supra. As stated by the Court in Collins, "(t)he real issue . . . was, which candidate received a majority of the legal votes cast?" 177 Ark. at 45. This is, of course, the determination that must be made under A.C.A. 7-7-304(a)(3), which states:
 If no candidate receives a majority of the votes cast for an office or position at the preferential primary election, the names of the two (2) candidates who received the highest number of votes for an office or position shall be printed upon the ballots at the general primary election. ___________. * Under the "American rule," adopted by the Arkansas Supreme Court, the voters' knowledge is not material, and the votes are to be counted. 133 A.L.R. 340 (1941); Swepston v. Barton, supra; Collins v. McClendon, supra; Clark v. Porter, supra. ___________.
There appears [appear] to be no Arkansas cases addressing the question in the specific context of votes cast for a deceased person. As noted, however, the Arkansas Supreme Court has expressed a preference for the general rule with regard to one who is ineligible to hold office. Since the general rule also extends to a deceased or disqualified candidate, the above cases portend the Court's adoption of the rule where votes are cast for one who dies before the election. Indeed, at least one other jurisdiction has cited to Clark v. Porter, supra, in support of its conclusion that votes cast for a deceased person are to be counted in determining the result of the election. See Telley v. Superior Court, 104 Ariz. 169, 450 P.2d 106 (1969).
It is therefore my opinion, based upon the foregoing, that votes cast for a deceased are generally to be counted for purposes of determining whether a runoff election will be required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.